Mr. Kenneth B. Cuyler Collier County Attorney 3301 Tamiami Trail East Naples, Florida 33962-4976
Dear Mr. Cuyler:
On behalf of Collier County, you ask substantially the following question:
May a county use interest that accrues on impact fee accounts to pay for affordable housing waivers and deferrals of such impact fees?
In sum:
Interest that accumulates on invested impact fees may be used to replace fees not collected due to waivers or deferrals for low income housing, as long as such interest is used for the purpose for which the specific fund is created.
This office has no authority to construe the provisions of local ordinances.[1] The question you have asked, however, appears primarily to be a matter of construction and application of general legal principles. I, therefore, offer the following observations.
You state that Collier County collects impact fees for water systems, sewer systems, roads, educational facilities, parks and recreational facilities, emergency medical services systems, and library facilities pursuant to respective impact fee ordinances. The impact fees collected are earmarked for certain capital projects. While some projects are to be constructed in the future, you indicate that the impact fee ordinances provide that the funds will be used on a "first in, first out" basis within a reasonable time after collection. Should the fees not be used within a reasonable time, generally within six to seven years, the fees are to be returned upon the request of the current owner of the property. The Library System Impact Fee Ordinance that you have provided as a general example containing provisions similar to all other impact fee ordinances states:
Any funds on deposit which are not immediately necessary for expenditure shall be invested by the County. All income derived from such investments shall be deposited in the Library System Impact Fee Trust Account and used as provided herein.[2]
You state that Collier County's impact fee ordinances provide that the impact fees and accrued interest are to be used for providing growth-necessitated capital improvements and additions, including costs and fees for design, permitting, land acquisition, relocation, landscaping, and other enumerated costs and expenses. Under its growth management plan, the county is obligated to provide incentives for affordable housing within the unincorporated areas. In response to arguments that impact fees have a negative impact on the creation of affordable housing, the impact fee ordinances contain a mechanism for waivers and deferrals for low income and affordable housing developments. The county wishes to use the interest accruing on invested impact fee funds to defray the monies lost by extending such waivers and deferrals.
The basic requirements for a valid impact fee ordinance are set forth in Contractors and Builders Association of Pinellas County v. City of Dunedin.[3] As that case requires, an impact fee ordinance to be valid must: (1) establish fees that reflect a shifting to the user of the expenses incurred on his or her account in the construction or expansion of a project due to population growth; and (2) provide that the money collected be placed in a trust fund earmarked and spent for the purposes for which they were charged.[4]
This office, in Attorney General Opinion 91-94, concluded that a city may not borrow money from an impact fee account established for the construction of water and sewerage systems to provide additional operating funds for the city. This conclusion was reached based upon the holding in the Dunedin case requiring a valid impact fee ordinance to include restrictions on the use of the funds collected thereunder. The Attorney General Opinion stated that the use of the funds for any purpose other than that prescribed in the ordinance would jeopardize the validity of the fee itself.
Thus, a city may not use funds from a specific trust fund for a purpose other than for that which the fund was created. Unlike the situation in Attorney General Opinion 91-94, you propose to use interest on the impact fee trust accounts to offset the granting of waivers and deferrals from the specific impact fee for low income housing. The use of the interest for such a purpose would appear to be consistent with the requirement set forth in the Dunedin case that the funds be spent for the purposes for which they were charged. The interest from a specific trust fund, therefore, could only be used for waivers or deferrals from the impact fee for that particular fund.[5]
Accordingly, it is my opinion that the interest on an impact fee trust fund may be used to offset the cost of granting waivers and deferrals from the impact fee for low income housing, since such expenditures would be for the same purpose for which the impact fee was charged.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Department of Legal Affairs Statement Concerning Attorney General Opinions, Annual Report of the Attorney General (1992), p. x.
[2] Section 2.03D., Art. II, Collier County Library System Impact Fee Ordinance, Ord. No. 88-97, Adopted December 13, 1988.
[3] 329 So.2d 314 (Fla. 1976), appeal after remand,358 So.2d 846 (Fla. 2nd DCA 1978), cert. denied, 444 U.S. 867 (1979).
[4] 329 So.2d at 318, 320.
[5] See, section 219.075(1)(b), Fla. Stat. (1993), providing that the interest on invested surplus funds "shall be reasonably apportioned and allocated and shall be credited to the account of, and paid to, the office or distributee, together with the principal on which such earnings accrued. And see, Op. Att'y Gen. Fla. 82-29 (1982) (interest on public moneys collected by the circuit court clerk on behalf of the county or any other local or state official or body for subsequent distribution thereto and invested prior to distribution must be credited to the county or other distributee).